UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LORA A. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:10-cv-50-RLY-WGH |
| | ) |
| HART CIRCLE, LLC d/b/a IDEAL FITNESS, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO COMPEL**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendant's Motion to Compel filed November 29, 2010. (Docket No. 21). Plaintiff filed a Response to Defendant's Motion to Compel on December 28, 2010. (Docket No. 24). Defendant filed a Reply in Support on January 4, 2011. (Docket No. 25).

**Background**

Plaintiff, Lora A. Smith, was employed by Defendant from July 2005 to January 7, 2009. (Complaint ¶¶ 7, 22). She alleges in her Complaint that she was the general manager of one of Defendant's fitness centers and that she was denied health insurance benefits while other younger general managers were provided health insurance benefits; she argues that this amounted to age discrimination. (*Id.* ¶ 28). Plaintiff further claims that after she filed an EEOC charge alleging age discrimination, her superiors retaliated against her when

they "required her to work substantially more and later hours; subjected her to different terms and conditions of employment; monitored her work performance in more intrusive ways, required her to prepare and submit extra forms, and subjected her to intimidation, harassment, and hostility." (*Id.* ¶ 30). Plaintiff claims that Defendant's actions resulted in her constructive discharge on January 7, 2009. (*Id.* ¶ 22). Plaintiff's Complaint seeks damages, including compensatory damages for "mental anguish and emotional distress . . . ." (*Id.* at Wherefore Clause).

This Motion to Compel arose out of a dispute at Plaintiff's deposition when counsel for Defendant questioned Plaintiff about her mental health history. (Deposition of Lora Smith at 32). After Defendant's counsel questioned Plaintiff, Defendant's counsel was informed that Plaintiff was no longer seeking emotional distress damages. (*Id.* at 33).[1] However, Defendant's counsel continued to insist on questioning Plaintiff about her mental health history. Plaintiff responded that she had not had any mental health treatment after age 30. (*Id.* at 79). After Defendant's counsel questioned Plaintiff about her mental health treatment history prior to age 30, Plaintiff's counsel objected to such questioning and sought a recess to obtain a protective order. (*Id.* at 80).

---

[1] The Court has not seen a formal stipulation in the record or an amendment to the pleadings establishing that Plaintiff will not seek damages for emotional distress. This opinion assumes that such an agreement will be formalized well prior to trial. Defendant, in its Motion to Compel, does not argue that Plaintiff continues to seek emotional distress damages. Should Plaintiff "change her mind," and seek such damages, further inquiry into prior mental health treatment would be warranted.

Following Plaintiff's counsel's objections, the parties conducted a telephonic status conference with this Magistrate Judge, as well as a telephonic discovery conference conducted pursuant to Local Rule 37.1, but were unable to resolve this dispute. (Motion to Compel at 4). Defendant then filed this Motion to Compel. Defendant argues that it should be permitted to inquire about Plaintiff's mental health treatment history in order to determine Plaintiff's "ability and/or capacity to perceive or recall events or testify accurately." (Motion to Compel at 2). Defendant also argues that such evidence is necessary to reveal the "perceptions and interpretations of [Plaintiff's] interactions with management at Hart Circle." (*Id.* at 4). Plaintiff responded by explaining that: (1) she has already provided answers about her mental health treatment after age 30; (2) Defendant waived the issue by failing to question her about her pre-age 30 mental health treatment after the parties conducted the telephonic status conference with this Magistrate Judge; and (3) her mental health treatment history prior to age 30 is not relevant because Plaintiff has withdrawn her request for damages based on emotional distress and because a claim of constructive discharge is based on whether an employer's actions are objectively reasonable and not based upon what Plaintiff was thinking at the time.

## **Discussion**

1. Defendant's Motion to Compel seeks the disclosure of Plaintiff's mental health treatment history. This leads to two distinct questions. First, is Plaintiff's mental health treatment history privileged and, therefore, not discoverable by

Defendant? Second, notwithstanding the question of privilege, must Plaintiff still disclose her mental health treatment history?

2. Whether or not a particular privilege exists is governed by Rule 501 of the Federal Rules of Evidence which provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

3. This case involves a claim of employment discrimination brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and is, therefore, governed by federal law. As a result, we must look to the federal common law to determine if a privilege exists which protects against the disclosure of an individual's mental health treatment history.

4. The Seventh Circuit has found that a psychotherapist/patient privilege does, in fact, exist under Rule 501. *Jaffee v. Redmond,* 51 F.3d 1346, 1357 (7th Cir. 1995).[2]

---

[2]Though not strictly applicable here, it is also worth noting that, by statute, Indiana has established an especially strong protection against the discoverability of mental health records. *See* Ind. Code § 16-39-2-6 (allowing disclosure of mental health records only upon a showing of good cause and after a court hearing).

5. The Seventh Circuit explained in *Jaffee* that whether or not a privilege exists is not the end of the discussion. The Seventh Circuit reasoned that "the privilege we recognize in a case of this nature requires an assessment of whether, in the interests of justice, the evidentiary need for the disclosure of the contents of a patient's counseling sessions outweighs the patient's privacy interests." *Id.*

6. Consequently, even though the Seventh Circuit does recognize a patient/psychotherapist privilege, we must still look to Rule 403 of the Federal Rules of Evidence to determine when such information, though privileged, must still be revealed. *Id.*

7. Rule 403 of the Federal Rules of Evidence provides the balance for when certain evidence, though relevant, may be excluded at trial; it explains that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

8. In this instance, Plaintiff responded to Defendant's counsel's questioning by explaining that she had not undergone any mental health treatment after age 30, and Defendant has not provided any evidence that refutes this response. Therefore, the only question for the Court is whether Plaintiff must reveal her mental health treatment history prior to age 30 – more than ten years in the past.

9. This Magistrate Judge concludes that the privacy interests of Plaintiff's mental health treatment history prior to age 30 outweighs any probative value that information might have.

10. First, with regard to Defendant's argument that Plaintiff's mental health treatment is relevant to Plaintiff's capacity to perceive or recall events or testify accurately, it is important to note that Plaintiff was not employed by Defendant until after she had turned 38 years old. (Plaintiff's Response to Defendant's Motion to Compel at 2). Only Plaintiff's mental state at the time she was employed by Defendant would have any bearing on her ability to perceive her interactions with Defendant. Further, only her mental state at the time she was testifying would have any bearing on her ability to recall events or testify accurately. Plaintiff's mental health treatment history prior to age 30 (over a decade before the events at issue in this case) would have very limited probative value with regard to Plaintiff's ability to perceive events or testify accurately. Consequently, Defendant's need for this information is minimal.

11. Second, Defendant's argument that Plaintiff's mental health history is needed to reveal her perceptions and interpretations of the interactions she had with her supervisors that lead to her constructive discharge is equally unavailing. This Magistrate Judge notes that the United States Supreme Court, in explaining the constructive discharge doctrine, determined that an employee who reasonably resigns as a result of unendurable working conditions is treated as if she were terminated. However, courts are to use an objective standard to

determine "constructive discharge," asking: "Did working conditions become so intolerable that a *reasonable* person in the employee's position would have felt compelled to resign?" *Pennsylvania State Police v. Suders,* 542 U.S. 129, 141, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004)(emphasis added). Therefore, what was in Plaintiff's mind at the time of her interactions with her supervisors is irrelevant. At trial, Plaintiff will be permitted to testify about her version of the events that led to her resignation. Defendant will be permitted to cross-examine Plaintiff and present its own witnesses, who can give their version of events. Then a jury will decide whom to believe, and they will then have to determine if it was objectively reasonable for Plaintiff to leave her employment. Evidence concerning Plaintiff's mental health treatment history would have no impact on whether or not Plaintiff's actions were objectively reasonable. As a result, the probative value of such evidence is minimal and is outweighed by privacy interests well-established under federal common law and Indiana statute.

## Conclusion

For the reasons outline above, the Magistrate Judge concludes that the information sought by Defendant is subject to a proper claim of privilege. Defendant's Motion to Compel is **DENIED.**

**SO ORDERED.**

**Dated:** January 25, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**<u>Electronic copies to</u>:**

Kevin W. Betz
BETZ & ASSOCIATES
kbetz@betzadvocates.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Quincy Erica Sauer
MACEY SWANSON & ALLMAN
qsauer@maceylaw.com